# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| **KALISI BLANCO, LLC**<br><br>        **Plaintiff,**<br><br>v.<br><br>**SUPERCUTS, INC.**<br><br>        **Defendant.**<br>**SERVE AT:**<br>**National Registered Agents, Inc.**<br>**1999 Bryan St., Ste. 900**<br>**Dallas, TX 75201** | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Kalisi Blanco, LLC ("Kalisi Blanco"), by its attorneys, and for its Complaint against Defendant Supercuts, Inc. ("Supercuts"), alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Kalisi Blanco is a limited liability company, and the two members of Kalisi Blanco are natural born individuals that are citizens of Texas and Massachusetts. For purposes of diversity jurisdiction, Kalisi Blanco is a citizen of Texas and Massachusetts.

2. Supercuts is a Delaware corporation that maintains its principal place of business in Minneapolis, Minnesota. For purposes of diversity jurisdiction, Supercuts is a citizen of Minnesota and Delaware. Supercuts is authorized to conduct business in the State of Texas. Pursuant to the requirements of the Texas Business Organization Code § 5.201, Supercuts, a foreign entity, has designated National Registered Agents, Inc. as its in-state Registered Agent

for Service of Process. National Registered Agents, Inc. can be served with process at 1999 Bryan St, Ste. 900 Dallas, TX 75201.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as this case involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. This Court has personal jurisdiction over Supercuts because Supercuts conducts business in Texas, and the agreement at issue provided for a lease of property located in Texas.

5. Venue is proper in this Court pursuant to the mutual agreement of the parties to the exclusive venue of courts in Tarrant County, Texas, in which this Court maintains its Fort Worth division. *See* Exhibit A, Executed Lease and Addendum, § 26.

## FACTS

6. On or about December 15, 2015, Supercuts entered into a valid, enforceable, and binding Standard Shopping Center Lease Agreement (the "Lease") with Vaquero Blanco Partners, LP, under which Supercuts agreed to lease the premises of approximately 1,050 Rentable Square Feet of a shopping center situated in Bexar County, Texas at the address 12711 Kalisi Blanco Rd., Suite #102, San Antonio, TX 78231 (the "Leased Premises"), for a period of sixty (60) months in exchange for monthly payments of Base Rent and Additional Rent. A copy of the Lease is attached hereto as Exhibit A and is incorporated herein by reference.

7. On or about June 21, 2019, Vaquero Blanco Partners, LP, assigned all rights, title, and intertest in the Lease to Kalisi Blanco, as permitted under Section 21 of the Lease. Additionally, on or about June 21, 2019, Vaquero Blanco Partners, LP, assigned all rights, title, and intertest in the Blanco Shopping Center to Kalisi Blanco, as permitted under Section 21 of the Lease. *See* Bill of Sale Agreement transferring ownership of the Blanco Shopping Center to

Kalisi Blanco, attached hereto as Exhibit B incorporated herein by reference; *see also* Assignment and Assumption of Lease, attached hereto as Exhibit C and incorporated herein by reference.

8. Supercuts was at all relevant times in possession of the Leased Premises.

9. At all relevant times, Kalisi Blanco, as the owner of Blanco Shopping Center and Assignee of the Lease, fulfilled its obligations to Supercuts under the Lease.

10. The Rent Commencement Date was established as January 22, 2017, and the Lease was to expire on January 31, 2022. *See* Tenant Acceptance Letter, attached as Exhibit D and incorporated herein by reference.

11. Pursuant to Section 1 and 4(a), Supercuts agreed to pay a monthly Base Rent of $3,062.50 for the sixty (60) month term, as well as Additional Rent and Operating Expenses as defined in Sections 1 and 5.

12. Beginning on or around November 2019, Supercuts incurred late charges for the untimely payment of Rent as set out under Section 4(c).

13. Supercuts also failed to pay for the 2019 Operating Expenses as required under Section 5(b) and 5(c) of the Lease.

14. Despite multiple attempts to obtain the outstanding amounts, Supercuts failed to pay what was owed.

15. From April 1, 2020, Supercuts failed to make any payments in breach of Section 4(a).

16. Despite further notices, Supercuts continued to withhold payment in breach of the Lease.

17. Despite the demand letter sent to Supercuts dated June 24, 2020, Supercuts failed to pay the outstanding amount within ten (10) days of receipt as required under Section 23, resulting in an Event of Default. Indeed, Supercuts never bothered to respond to Kalisi Blanco's attempts to resolve the situation.

18. Per the remedies available under Section 24, Kalisi Blanco sent a Notice of Termination to Supercuts, dated July 7, 2020.

19. At the time the Lease was terminated due to Supercuts' breach, there were eighteen (18) months remaining on the Initial Term of the Lease. *See* Exhibit A Section 1.

20. As a result of Supercuts' breach, Kalisi Blanco was forced to expend significant time, effort, and expense in repairing and advertising the Leased Premises in order to obtain a new tenant.

21. Despite Kalisi Blanco's good faith effort to mitigate its damages, it suffered significant damages including but not limited to, loss of the anticipated Base Rent, reletting below market value, loss of a long-term corporate lease with a franchise, costs associated with marketing the Leased Premises, construction, and cleaning of the Leased Premises for the new tenant, and more.

## COUNT I – BREACH OF CONTRACT

22. Kalisi Blanco restates and realleges each paragraph above as if fully stated herein.

23. The Lease constitutes a valid and enforceable contract between Kalisi Blanco, as the valid Assignee of the Lease, and Supercuts.

24. The consideration of the Lease was adequate and sufficient.

25. In exchange for Kalisi Blanco providing possession of the Leased Premises to Supercuts, Supercuts agreed to pay Kalisi Blanco according to the monthly rent and charges set forth in the Lease.

26. At all relevant times, Supercuts was in possession of the Leased Premises.

27. At all relevant times, Kalisi Blanco fully performed all of its obligations under the Lease and the conditions precedent to enforce the Lease.

28. Supercuts failed to perform its obligations by failing to pay Kalisi Blanco the rent owed and outstanding charges in violation of Section 4(a), 5(a), and Section 23(a), among other provisions.

29. At all relevant times, Kalisi Blanco performed its obligations under the terms of the Lease while attempting to obtain the outstanding amounts owed, including but not limited to fulfilling the necessary notice requirement under Section 23(a).

30. Despite Kalisi Blanco's demands for payment, Supercuts has still failed to pay Kalisi Blanco the outstanding amount, for which Kalisi Blanco suffers ongoing damage.

31. As a result of Supercuts' breach of the Lease, Kalisi Blanco suffered significant incidental and consequential damages, including but not limited to, costs associated with repair and cleaning of the Leased Premises, rental concessions, marketing and advertisement of the Leased Premises, the loss of marketability of a long-term corporate lease, the loss of rental income during the months there was no tenant, reduced rental income resulting from the lower base rent of the new tenant lease, and more.

32. As a direct and proximate result of Supercuts' breach of the Lease, Kalisi Blanco sustained damages, together with interest from the date of the breach, costs, and expenses. *See* Exhibit A Section 4(c)(i).

33. The Lease also provides for Kalisi Blanco's recovery of reasonable attorney's fees and court costs. *See* Exhibit A Section 26.

34. Kalisi Blanco also is entitled to its attorney's fees under Texas Civil Practice and Remedies Code § 38.001.

35. Kalisi Blanco will continue to be damaged until paid in full.

36. All conditions precedent to Kalisi Blanco's claims for relief have been performed or have occurred.

## JURY DEMAND

37. Plaintiff hereby demands a jury trial on all issues and causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kalisi Blanco, LLC prays that Defendant Supercuts, Inc. be required to appear and answer herein and requests that this Court enter a judgment in favor of Plaintiff awarding damages and the relief sought herein, including, without limitation, actual, compensatory, and consequential damages, interest, prejudgment interest, costs and reasonable attorneys' fees pursuant to Section 26 of the Lease, and further relief as this Court deems just, proper and equitable.

Dated: December 23, 2022

Respectfully submitted,

ARMSTRONG TEASDALE LLP

*/s/ Jonathan R. Shulan*
Jonathan R. Shulan    #24083842
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314-621-5070
314-621-5065 (facsimile)
jshulan@atllp.com

ATTORNEY FOR PLAINTIFF